IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PRINCIPAL NATIONAL LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 7:22-cv-00353 |
| ABELARDO SAENZ AND ALEXIS SAENZ, | § § § § | |
| Defendants. | § § | |

## COMPLAINT

Plaintiff Principal National Life Insurance Company ("PNLIC") complains of Defendants Abelardo Saenz ("Abelardo") and Alexis Saenz ("Alexis") and states:

## PARTIES

1. **PNLIC.** PNLIC is an Iowa insurance corporation with its principal office and place of business located in Des Moines, Iowa.

2. **Abelardo.** Abelardo is a citizen of Texas who may be served with process at his residence address, 5076 E. Highway 83, Roma, Texas 78584, or wherever he may be found.

3. **Alexis.** Alexis is a citizen of Texas who may be served with process at his residence address, 5076 E. Highway 83, Roma, Texas 78584, or wherever he may be found.

## JURISDICTION AND VENUE

4. **Jurisdiction.** The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between PNLIC and

Abelardo and Alexis (collectively, "Defendants"). In that regard, PNLIC is a citizen of Iowa, and Defendants are citizens of Texas.

5. **Venue.** Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), as Defendants reside in this division and district and a substantial part of the events or omissions giving rise to PNLIC's claims occurred here.

## OPERATIVE FACTS

6. **The Application.** In August 2020, Odilia Garza Saenz (the "Proposed Insured") applied to PNLIC for a 15-year term life insurance policy with a $200,000.00 face amount. In the Life Insurance Application (the "Application"), which was dated August 9, 2020, the Proposed Insured designated her sons, Abelardo and Juan Saenz, as the Primary Beneficiaries and signed the Application beneath the following provisions:

> **Statements In Application:** I represent that all statements in this application are true and complete to the best of my knowledge and belief and were correctly recorded before I signed my name below. I understand and agree that the statements in this application, including statements by the Proposed Insured in any medical questionnaire that becomes a part of this application, shall be the basis of any insurance issued. I also understand that misrepresentations can mean denial of an otherwise valid claim and rescission of the policy during the contestable period.
>
> ***
>
> **Limitation of Authority:** I understand and agree that no agent, broker, licensed representative, telephone interviewer, or medical examiner has any authority to determine insurability, or to make, change or discharge any contract, or to waive any of the Company's rights. The Company's right to truthful and complete answers to all questions on this application and on any medical questionnaire that becomes a part of this application may not be waived. No knowledge of any fact on the part of any agent, broker, licensed representative, telephone interviewer, medical examiner or other person shall be considered knowledge of the Company unless such fact is stated in the application.

(Bold in original.) On August 19, 2020, the Proposed Insured underwent a paramedical examination, in which she provided information regarding her medical condition.

7. On August 24, 2020, PNLIC received the Application and related documents from the broker's office, and the same day, it ran a motor vehicle report, which was clear, and MIB and prescription searches, which did not reveal any information on the Proposed Insured. Based on the available information, PNLIC's underwriter determined the Proposed Insured's disclosures and lab results placed her in the Preferred Non-Tobacco rate class.

8. **The issuance of the Policy.** Relying on the accuracy of the information provided by the Proposed Insured, on September 21, 2020, PNLIC informed the broker's office that PNLIC had issued the Policy, which had a $200,000.00 face amount and a monthly premium of $136.45. The face page of the Policy instructed the Proposed Insured to "**READ HER POLICY CAREFULLY**" and provides in pertinent part:

> This policy is a legal contract between You, as owner(s), and Us, Principal National Life Insurance Company, a stock company. Your policy is issued based on the information in the application and payment of premiums as shown on the Data Pages….

9. In turn, the General Information section of the Policy states:

> **THE CONTRACT**
>
> This policy, the attached application(s) and riders or endorsements, any amendments to the application(s), any adjustment and reinstatement application(s), and the Data Pages make up the entire contract…. All statements made in the application(s), an adjustment application(s), or any amendments to the application(s) will be considered representations and not warranties. No statement, unless made in an application(s), or amendments thereto, will be used to void Your policy … or to defend against a claim.
>
> ***
>
> **INCONTESTABILITY**
>
> With respect to material misstatements made in the initial application(s) for this policy, We will not contest this policy after the policy has been in force during the lifetime of the Insured for two years from the Policy Date…. The time limits in this Incontestability provision do not apply to fraudulent misrepresentations, when permitted by applicable law in the state where this policy is delivered or issued for delivery….

10. **The delivery of the Policy.** On October 6, 2020, PNLIC delivered the original of the Policy, with (among other documents) a copy of the Application attached, to the Proposed Insured. In connection with this delivery, the Proposed Insured signed the Acknowledgment of Delivery regarding her receipt of the Policy and the Amendment and Acceptance Form, in which she certified:

> By signing below, I agree that any amendments to the Application listed above are true and complete to the best of my knowledge and belief and are part of the Application, and the Application and the amendments are to be taken as a whole. It is agreed that the above Policy is issued (or adjusted or reinstated, as applicable) on the basis of the statements in the Application and in this Amendment and Acceptance Form.

The Proposed Insured also signed the Supplemental Statement, in which she denied she had consulted or been treated for an illness or injury since the date of the Application, and paid the initial monthly premium, which put the Policy in force and resulted in PNLIC's preparation of revised Data Pages. The Proposed Insured did not notify PNLIC after the delivery of the Policy of any errors or omissions in the Application or of any post-Application changes in her health.

11. Later that month, PNLIC approved the Proposed Insured's request to name Abelardo (90%) and Alexis (10%), who was her grandson, as the Primary Beneficiaries.

12. **The Proposed Insured's death.** On February 10, 2022, Abelardo informed PNLIC the Proposed Insured had died that day. PNLIC promptly sent Abelardo the claim packet for completion and informed him of its plans to conduct a routine claim review into the accuracy of the Proposed Insured's statements in the Application. Defendants subsequently submitted their respective Beneficiary Statement forms, in which they claimed their respective shares of the Policy proceeds, and a copy of the Certificate of Death on the Proposed Insured.

13. **PNLIC learns of the Proposed Insured's misstatements.** During its investigation, PNLIC obtained records on the Proposed Insured, and those records revealed she

had made numerous misrepresentations in the Application regarding her medical condition.[1] PNLIC determined that the Proposed Insured had, in failing to truthfully and completely answer PNLIC's questions in the Application, made misrepresentations that were material to the underwriting risk and were relied upon by PNLIC in issuing the Policy. Had PNLIC known of the Proposed Insured's true health history, it would not have issued the Policy in the manner in which it did.

14. **PNLIC rescinds the Policy.** By letter dated July 5, 2022, PNLIC gave notice to Defendants it would not be bound by the Policy. PNLIC also provided Defendants with checks, which they have not yet cashed, for the premiums (with interest) that were paid for the Policy. By letter dated August 26, 2022, Abelardo's counsel complained of PNLIC's rescission of the Policy, and he attached (among other information) letters from one of the Proposed Insured's treating physicians regarding some of the diagnoses such physician had included in his records on the Proposed Insured. PNLIC reviewed this additional information and determined that it did not impact its conclusion that it would not have issued the Policy the way it did if it had known of the Proposed Insured's true health history.

## CAUSES OF ACTION

15. **Rescission.** For the reasons set forth above, PNLIC requests the Court to rescind and cancel the Policy and find that it was null and void as of the date of its issuance.

16. **Declaratory judgment.** Alternatively, if it is judicially determined the Policy is not rescinded, then PNLIC states there is an actual justiciable controversy between the parties and requests the Court to adjudicate, pursuant to 28 U.S.C. § 2201, that Defendants' claims for

---

[1] Pursuant to federal privacy laws and the Federal Rules of Civil Procedure, PNLIC will provide the exact nature of the misrepresented health conditions upon Defendants' consent or by Court order. PNLIC detailed these misrepresentations to Defendants prior to the filing of this action and gave them the opportunity to explain the Proposed Insured's failure to tell the truth in the Application.

benefits under the Policy are not payable for one or more of the following reasons:

    a.    **Rescission**.  That the Proposed Insured made material misrepresentations during the application process for the Policy, which is rescinded as of its effective date.

    b.    **Good health**.  That the Policy never became effective because, at the time it was delivered and the first premium was paid, the Proposed Insured's health was not the same as given in the Application.

    c.    **Continuing investigation**.  That PNLIC can supplement its determinations with the additional information of which it learns through its ongoing investigation.

## PRAYER

17.    **Relief requested**.  PNLIC respectfully requests the following relief:

(a)    That Defendants be served with the Complaint and Summons and required to answer in the time and manner prescribed by law;

(b)    That the Court adjudicate that the Policy is cancelled and rescinded and is of no force or effect or, in the alternative, award PNLIC the declaratory relief requested above;

(c)    That PNLIC have and recover its attorney's fees and court costs; and

(d)    That PNLIC have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Andrew C. Whitaker
    Andrew C. Whitaker
    State Bar No. 21273600
    andrew.whitaker@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEY FOR PLAINTIFF
PRINCIPAL NATIONAL LIFE
INSURANCE COMPANY